IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN JONES, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO.: 21-cv-308-KD-C |
| STATE FARM FIRE AND CASUALTY COMPANY, et al. | * | |
| | * | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. Section 636(b)(1)(B) and S.D. Alabama General Local Rule 72(a)(2)(S), on Plaintiff's "Motion to Remand to State Court," (Doc. 9), ("Motion to Remand") and "State Farm Fire and Casualty Company's Response to Plaintiff's First Amended Complaint and Motion to Remand and State Farm's Motion for Court to Deny Joinder of Wendy Folmar as a Defendant," (Doc. 11), ("State Farm's Motion to Deny Joinder").  The Court has considered the documents which have been filed in this case as well as the arguments of the parties presented to the Court in a telephonic hearing on September 13, 2021.  Upon consideration of the foregoing, it is recommended that Plaintiff's Motion to Remand be denied and that State Farm Fire and Casualty Company's ("State Farm") Motion to Deny Joinder be granted.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed her complaint in the Circuit Court of Escambia County against State Farm on June 15, 2021.  Service was accomplished on June 22, 2021.  On July 14, 2021, State Farm removed the case to this Court. (Notice of Removal, Doc. 1.)  On July 28, 2021, Plaintiff filed her First Amended Complaint, which attempted to add Wendy Folmar, a State Farm Agent, as a

defendant. (Doc. 8.)  Plaintiff also filed her Motion to Remand asserting that the addition of Wendy Folmar destroyed complete diversity, thereby requiring remand.  (Doc. 9.)  State Farm responded to the amended complaint, and the Motion to Remand with its Motion to Deny Joinder.  (Doc. 11.) Plaintiff filed no reply to State Farm's Motion to Deny Joinder despite being given the opportunity to do so.  (Doc. 10.)

28 U.S.C. Section 1447 provides direction for the procedure to follow after removal of a case from state court.  Section (e) provides as follows:

> If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

Plaintiff's First Amended Complaint was filed within twenty-one days of State Farm's answer but without seeking leave of Court.  Although Rule 15(a) allows a party to amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading, when the attempted joinder of an additional defendant after removal would destroy subject matter jurisdiction, such as the attempted joinder of Wendy Folmar, 28 U.S.C. §1447(e) controls.  *Thomas v. Eight Mile Nursing and Rehab Center, LLC*, Civil Action Number 165-00051-KD-N, 2015WL 778359 at *1, (S.D. Ala., April 20, 2015).  *Thomas* cited *Bevels v. American States Insurance Company*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) with approval.  Like the present case, *Bevels* involved an amendment made as a matter of course. The *Bevels* court held that it was appropriate to follow the rule embodied in the statute which specifically addresses amendments in the context of the court's exercise of its jurisdiction in the removed case. *Bevels*, 100 F. Supp. 2d at 1312 (citing *Bulova Watch Co. v. United States*, 365 U.S. 753, 758(1961) (a specific statute controls over a general one)).  The *Bevels* court also pointed out that 28 U.S.C. § 1447(e) was the better approach from a practical standpoint because if the rule were to the contrary, a plaintiff

2

whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed, thereby avoiding any fraudulent joinder inquiry which could have been conducted had the non-diverse defendant been named in the original complaint. *Id.* at1313. This Court, therefore, will use 28 U.S.C. § 1447 (e) to decide whether to allow the amendment to the complaint which seeks to add Wendy Folmar as a defendant.

## II.   SECTION 28 U.S.C. § 1447(e)

In order to determine whether to allow an amendment which destroys diversity jurisdiction, courts construing 28 U.S.C. § 1447(e) have considered the following factors:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.  *Hensgens v. Deere and Company*, 833 F. 2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S. Ct. 150 107 LED 2d 108 (1989).[1]  "Upon consideration of these four factors, the district court has the following two options: (1) deny joinder; or (2) permit joinder and remand the case to state court." *Lafitte v. Allstate Insurance Company*, 2008 WL 11411824, at *2 (S.D.Ala., 2008) (*citing Ingram v. CSX Transportation, Inc*., 146 F.3d 858, 862 (11th Cir. 1998)).

In considering the *Hensgens* factors, the parties do not start out on an equal footing. *Sexton v. G&K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999).  This is because of the diverse defendant's right to choose between a state or federal forum.  Giving the diverse defendant the option of choosing the federal forum is the very purpose of the removal statutes.  *Hensgens*, 833 F. 2d at 1181.  Although 28 U.S.C. § 1447(e) views the statute as providing for a broad and discretionary approach, that discretion does not imply that a §1447(e) amendment should be

---

[1] Although *Hensgens* predates 28 U.S.C. § 1447(e), its analysis is still relevant. *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313, f.n.3 (M.D. Ala. 2000).

granted as a matter of course.  To the contrary, "the district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case should scrutinize that amendment more closely than an ordinary amendment." *Id*. at 1182, *Thomas*, 2015 WL778359 at *2.  The framework provided by the four factors is designed to facilitate the balancing of the defendant's interest in maintaining a federal form with the competing interest disfavoring parallel lawsuits in federal and state courts.  *Hensgens*, 833 F. 2d at 1182.  Accordingly, the *Hensgens* factors should be examined.

Plaintiff's Motion to Remand cites several cases which provide more or less of a survey of law concerning removal and remand.  Those cases, however, are not ones in which an amendment, attempting to add a non-diverse party, was filed after removal.  Instead, those cases are ones in which remand was sought where there was no post-removal amendment which would destroy jurisdiction.[2]  None of Plaintiff's authority, however, addresses 28 U.S.C. §1447(e), the *Hensgens* factors, the discretion afforded the court and the scrutiny required when a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction.  The case before this Court is not one in which the motion to remand is based on a pre-removal complaint, not amended after removal, as are the cases cited by Plaintiff.  It is one in which there is an attempted joinder after removal of a non-diverse defendant whose presence would destroy diversity jurisdiction.  In such a case, the district court is given broad discretion and instructed to review and scrutinize more closely than with an ordinary amendment.  *Hensgens*, 883 F.2d at 1182.

### III.  APPLICATION OF THE *HENGENS* FACTORS

---

[2] Plaintiff's authority includes a broad range of cases involving matters such as amount in controversy in class actions, *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308 (M.D. Ala. 1997); citizenship issues in a putative class action, *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284 (11th Cir. 1998); an 11th Circuit decision on whether attorneys' fees should be awarded in a diversity case remanded to state court by a United States district court, *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005); fraudulent misjoinder of parties, *Kline v. Logan*, Civil Action 14-003-CG-M, 2014 WL1686525, S.D. Ala., April 29, 2014; and fraudulent joinder, *Shields v. Wash. Nat'l Ins. Co.*, 375 F. Supp. 2d 1346 (M.D. Ala. 2005).

### A. The Extent To Which The Purpose Of The Amendment Is To Defeat Federal Jurisdiction

### 1. The first amended complaint fails to state a claim.

The First Amended Complaint upon which Plaintiff relies, is itself deficient and fails to state a claim against Wendy Folmar. While it attempts to plead claims for breach of contract and bad faith against State Farm and its agent, those claims are not viable against Wendy Folmar. Specifically, in her Preamble, Plaintiff states that "On July 28, 2020 Plaintiff SUSAN JONES entered into renewal insurance agreement **with** the Defendant STATE FARM FIRE AND CASUALTY COMPANY **though** Defendant WENDY FOLMER to insure the property located at 1118 Kerlin Ave, Brewton, Alabama 36426." (Doc. 8 at 3) (Emphasis added). Plaintiff then proceeds to plead claims using the terms "defendant" and "defendants" in an inconsistent and confusing manner. Specifically, the breach of contract claim (Count I) does not specifically aver that Wendy Folmar was a party to the contract of insurance:

> 14. The Plaintiff entered to an insurance agreement **with the Defendant** which **required Defendants** to pay insurance benefits to Plaintiffs and/or third parties in the event that Plaintiff home and contents were destroyed in a fire.
>
> ***
>
> 16. The **Defendant** accepted payments and issued a policy insuring the property against fire damages.
>
> 17. Under the contract of insurance between **Plaintiff and the Defendant** …

(Doc. 8 at 4).[3]

---

[3] The parties have not provided a copy of the contract of insurance which should include the names of the parties to the contract. Additionally, Plaintiff has not specifically stated either in the Amended Complaint or in reply to the opposition to her motion to remand that Wendy Folmar was a party to the contract of insurance.

It is clear, however, that State Farm is the insurance company which insured the Plaintiff at the time of the incident made the basis of this complaint and Wendy Folmer acted as its agent. Plaintiff's First Amended Complaint, ¶¶ 3-4, (Doc. 8 at p. 2.)  Plaintiff's failure to allege that Wendy Folmar was a party to the insurance contract renders this attempt to amend the complaint futile because she cannot be found liable for breach of contract. *See Pate v. Rollison Logging Equip., Inc.,* 628 So.2d 337, 343 (Ala. 1993) ("Even if considered a broker or an agent, Rollison was not a party to the insurance contracts and, therefore, could not be liable for breach of those contracts."). And, because the Plaintiff cannot maintain an action for breach of contract against Wendy Folmar, she cannot maintain an action for bad faith against her. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.,* 551 So.2d 283, 286 (Ala.1989) ("The tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract."). No possibility exists that Plaintiff has an actionable claim against Wendy Folmar for breach of contract or bad faith. *See Holderfield v. Allstate Ins. Co.,* No. 4:13-cv-074-RBP, 2014 WL 1600309, at *2 (N.D. Ala. April 21, 2014) (finding no possibility of actionable claim for breach of insurance contract or bad faith against individual defendants and therefore denying motion to remand).  Thus, had the Plaintiff filed this complaint in the Escambia County Circuit Court, the case would have been properly removable in any event because of the fraudulent joinder of Wendy Folmar against whom no claim was possible and against whom no claim was ever made.

Given the fact that the only two claims for relief fail to state a claim against an individual, here Wendy Folmar, the first *Hengens* factor weighs in favor of denying joinder and the motion to remand.

> **2.   The documents filed in Court show Plaintiff intended to defeat federal jurisdiction by adding**

**Wendy Folmar as a defendant after removal.**

In her Motion to Remand, Plaintiff argues that she planned to sue Wendy Folmar but had not included her because she did not know her real name or first name. (Doc. 9 at pp. 201, 203.) This Court finds that this argument is not supported in the record.[4] In making the argument, Plaintiff mistakenly refers to, but does not ever cite, *Thomas v. Eight Mile Nursing & Rehab Center, LLC*, Civil Action 165-00051-KD-N, 2015 WL 778354 S.D. Ala., April 20, 2015, in which this Court allowed joinder and remanded the case to state court. *Thomas*, 2015 WL at 4.[5] *Thomas* does provide insight to the question before this Court, and it is clear that the difference between *Thomas* and this case is enormous: (a) First, in *Thomas*, the amended complaint actually stated a claim against the defendant. *Thomas*, 2015 WL at *3. No claim is stated against Wendy Folmar in this case. (b) Second, in *Thomas*, this Court noted that in the original complaint, plaintiff specifically pled as a fictitious defendant, the "nurse who undertook to provide medical serves to Kelly Thomas on the occasions made the basis of this suit, whose proper identity will be substituted upon identification of the same." *Thomas*, 2015 WL at *2. In this case, however, the designation of the fictitious parties in the original complaint does not contain a reference to the specific actions of an unknown defendant such as the agent who sold and serviced the policy. Instead, the

---

[4] Although the only mention of misrepresentation is in the motion to remand – not the amended complaint – the motion to remand does not provide any Rule 9(b) specificity or comply in any way with the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[5] Plaintiff never cites to *Thomas* but attempts to follow the formula used in *Thomas* when this Court remanded an amended complaint based on an amendment which added a non-diverse defendant named Brittany Pugh whose first name plaintiffs' alleged they did not know at the time of filing the complaint. Plaintiff's brief confuses Wendy Folmar, the defendant in this case, with Brittany Pugh, the defendant in *Thomas*, when she refers to Brittany Pugh, "Defendant Brittany Pugh was not a fraudulently joined party," (Doc. 9 at p.6) and at page 2, "Ms. Pugh was a resident of Escambia County." (Doc. 9 at p. 2.) Plaintiff's failure to initially cite *Thomas* and her subsequent failure to respond to State Farm's distinguishing *Thomas* from this case leads this Court to determine that Plaintiff recognized the dissimilarity between *Thomas* and this case.

description of the fictitious parties is simply "the persons . . . responsible for the harms and losses of the plaintiff; all of whose names and true legal identities are otherwise unknown at this time but who will be added by amendment when ascertained, jointly and severally." (Doc. 1 at p. 8.) That designation fails to properly identify the State Farm agent Plaintiff had dealings with even if her name was unknown.

Under Alabama law, Ala. R. Civ. P. 9(h) allows a plaintiff to assert claims against a fictitiously named defendant who is subsequently substituted and named, and those claims will relate back to the date of the original complaint if the original complaint adequately describe the fictitiously named defendant and stated a claim against such a defendant. Plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint. *Ex parte Int. Refining & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007). Plaintiff did not come close to describing Wendy Folmar (who could have been simply described as the agent who sold the policy). Nor did she state a claim against Wendy Folmar in the body of the complaint since she cannot be sued for breach of contract or bad faith. Again, the conclusion must be that the plaintiff never intended to sue Wendy Folmar and her joinder simply adds credibility to the argument that a purpose in pursuing an amendment was to defeat federal jurisdiction.

Finally, in *Thomas*, the Court noted that plaintiff's discovery, filed in state court, specifically asked about the nurse who treated the plaintiff. *Thomas*, 2015 WL at * 2. In this case, both interrogatories and request for production ask for information about the fire and the investigation. Neither asks for information relating to the issuance of the policy, name of the agent or similar information. (Doc. 1 at pp. 23 – 26.) The notice of deposition in this case contains a *duces tecum* which also is not directed to the policy or the agent. The only mention of insurance in any of the discovery is a typical request asking for production of policies which would satisfy

any judgment. (Doc. 1 at p.22.) That request is so standard that it is one of the required initial disclosures under Fed. R. Civ. P. 26(a)(1)(IV). Certainly, if the plaintiff were interested in a misrepresentation claim, something about it would be in the initial discovery.

The situation before this Court is very similar to *Portis v. Wal-Mart Stores, Inc.,* Civil Action No. 07-0557-WS-C, 2007 WL 3086011, S.D. Ala., October 19, 2007. In *Portis*, there was nothing in the original complaint or a discovery request suggesting a claim against the non-diverse defendant, and the amendment was denied. Using *Thomas* and *Portis* as a guide, the court finds that the Plaintiff's addition of Wendy Folmar was primarily, if not solely, intended to defeat diversity jurisdiction.

### 3. State Farm's factual submissions support the argument Plaintiff solely intended to defeat federal jurisdiction by adding Wendy Folmar as a defendant after removal.

In support of its motion to deny joinder of Wendy Folmar as a defendant, State Farm has not only provided reasons derived from court filings which show that the attempted joinder was intended to defeat diversity, but also has provided substantial, relevant factual material in the form of affidavits, computer screenshots and photographs. Plaintiff has not disputed the authenticity or relevance of these filings nor has she made any attempt to provide an explanation of why she was not cognizant of Wendy Folmar's name at the time her complaint was filed.

In reading Plaintiff's Motion to Remand, it is difficult to tell if Plaintiff is contending that she did not know Wendy Folmar's name or her first name. *Compare* Doc. 9 at p. 2, paragraph 3 *with* Doc. 9 at p. 4. It is also difficult to tell if Plaintiff or Plaintiff's counsel is unaware of the name (or the first name). *Id*. Given the facts cited by State Farm, however, it is clear that "Wendy Folmar" was known to the Plaintiff. Whether Plaintiff's counsel ever asked Plaintiff for the name is questionable for the following reasons:

(1) If a claim against Wendy Folmar (for misrepresentation, according to the motion to remand – not the actual amended complaint) was significant, why did Plaintiff's counsel not pick up the phone and ask his client the name or first name of the agent?

(2) If the Plaintiff or her counsel thought that this was a claim that was going to be made against the agent, then why was it not made against a fictitious party in the original complaint? There is nothing in the original complaint, or in the first amended complaint for that matter, other than a claim for breach of contract and bad faith. There is no mention or hint of any misrepresentation.

(3) When Plaintiff filed the complaint, there was no statute of limitations issue. There was no rush to file the complaint before finding out the name of the agent.

(4) There can be little doubt that Plaintiff was aware of who Wendy Folmar was and there is no basis for the statement in the Motion to Remand that she was not aware of who Wendy Folmar was or what her first name was.

(5) State Farm has provided declarations of Wendy Folmar and Lisa Whatley who is employed by Wendy Folmar. Plaintiff has not disputed those. Those declarations show that Plaintiff must have been aware of Wendy Folmar's first name. The actual report of the fire was made to Lisa Whatley at the office of Wendy Folmar. (Declaration of Lisa Whatley, Doc. 11 at p. 23.) Lisa then called it in to State Farm. *Id*. Photographs of the office show not only on the signs, but also on the door, that Wendy Folmar is the agent. Declaration of Wendy Folmar. (Doc. 11 at pp. 12 – 14.) The Declaration of Wendy Folmar and that of Lisa Whatley make it clear that the Plaintiff actually went to Wendy Folmar's office and reported the fire claim there. (Doc. 11 at pp. 16 – 18 and at p. 23.)

(6) Lisa Whatley also spoke with Plaintiff concerning her insurance on May 28, 2021, just prior to her filing the original complaint in Escambia County. (Declaration of Lisa Whatley, Doc. 11 at p. 23); (Declaration of Wendy Folmar, Doc. 11 at p. 19.) Plaintiff knew Wendy Folmar and her office personnel and actually spoke with Lisa Whatley eighteen days prior to filing the complaint. *Id*.

(7) Plaintiff was herself making premium payments at Wendy Folmar's office ("the Transaction Source") in the spring and summer of 2021, just before and just after the complaint was filed. (Declaration of Wendy Folmar, Doc. 11 at pp. 12, 20 – 22.) Plaintiff was a frequent visitor to Wendy Folmar's office. (Doc. 11 at p. 12.)

(8) This matter was something with which the Plaintiff and her counsel were already familiar. Letters between Angela Taylor, a State Farm lawyer, and the Plaintiff or her counsel reflect that this matter had been ongoing for some time. (Doc. 11 at pp. 24 – 47.) Plaintiff's counsel had even indicated in December that his client intended to sue State Farm. (Doc. 11 at pp. 37 – 39.) Plaintiff's attorney had sufficient time to ascertain who the agent was.

Failure to include Wendy Folmar in the original complaint is not simply an oversight or the result of a lack of knowledge. It is evident that the plaintiff did not intend to bring a claim against Wendy Folmar. These factual submissions add weight to the conclusion that the attempted joinder is for the purpose of defeating diversity in order to obtain a more convenient and desirable forum.

### B. Whether Plaintiff Has Been Dilatory In Asking For The Amendment

It is first noted that the First Amended Complaint fails completely to make a claim against Wendy Folmar so the issue of whether plaintiff was dilatory appears to be irrelevant. However, although the amendment was made within a month and one-half of the filing of the complaint, if

one actually believes or assumes that the Plaintiff did not know Wendy Folmar's name, then there is little question but that the Plaintiff has been dilatory in obtaining the information. Plaintiff reported the claim to Lisa Whatley of Wendy Folmar's office on the day after the fire. Plaintiff paid premiums at that office. There had been a series of letters between the Plaintiff and/or Plaintiff's counsel concerning an examination under oath. In fact, Plaintiff's counsel had been involved since at least November 24, 2020, more than six months prior to the filing of the complaint in state court. (Doc. 11 at p. 29.)

More to the point and more realistically, there is no doubt that Wendy Folmar's name should have been known to the Plaintiff before removal. Where the plaintiff seeks to add a non-diverse defendant only after the case is removed, a denial of the motion to remand is appropriate if the plaintiff knew the identity of said defendant at an earlier time. *In re Norplant Contraceptive Products Liability Litigation*, 898 F. Supp. 429 (E.D. Texas, 1995).

### C. Whether Plaintiff Will Be Significantly Injured If The Joinder Is Not Allowed

This factor weighs in favor of denying the motion to remand for a number of reasons. The amended complaint does not state a claim against Wendy Folmar. It does not contain a claim for misrepresentation or suppression of facts. In addition, Alabama law provides that the actual failure to perform under an insurance policy is not in and of itself evidence of misrepresentation or intent not to perform at the time of the promise. *Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 286 (Ala. 1989). Accordingly, because the Plaintiff has failed to state a claim, or even identify a viable claim against Wendy Folmar, no prejudice to the Plaintiff has been articulated should this request to join a non-diverse defendant be denied.

There has been no showing by the Plaintiff that she would not be able to obtain full relief on her claims in this Court without the presence of Wendy Folmar as a defendant. Plaintiff can

obtain a judgment against State Farm without the presence of Wendy Folmar, discovery will allow the Plaintiff access to the same information with or without Wendy Folmar in the case, and there has been no suggestion that State Farm would be unable to satisfy a judgment. *See Bevels,* 100 F. Supp. 2d at 1314; *Sexton*, 51 F. Supp. 2d at 1314. Plaintiff's has failed to provide any reason to conclude an action would be commenced against her. *See Portis*, 2007 WL at * 4. Although Plaintiff stated in argument that it remained to be seen if Wendy Folmar's assets would be needed to satisfy a judgment, Plaintiff also admitted that there had been no research into State Farm's ability to respond. The Court finds plaintiff's position that she would suffer prejudice if not allowed to add a non-diverse defendant lacks merit.

### D.   Any Other Factors Bearing On The Equities

As shown above, the main purpose of the request to amend the complaint is an attempt to avoid federal jurisdiction. This purpose is supported by facts submitted to the Court, as well as Plaintiff's attempt to fit a round peg into a square hole by using the *Thomas* case as a guide when nothing in the *Thomas* case is similar to this case. Plaintiff's assertion in the Motion to Remand that the initial complaint included written discovery to obtain policy information to identify the agent is simply a misstatement. Plaintiff's position in argument before this Court that her breach of contract claim is a claim of misrepresentation is also a misstatement. Plaintiff's statement that it remained to be seen if Wendy Folmar's assets would be needed to satisfy any judgment is disingenuous. All of these factors have been considered and weigh agains granting Plaintiff's attempt to amend her complaint in a manner that would destroy the jurisdiction of this Court.

In argument, Plaintiff's attorney contended that litigating in this Court would be inconvenient for his client and argued that it could be more expensive. First, this Court notes that giving a defendant the option of choosing between a state and federal forum is the very purpose of

the removal statutes. *Hensgens*, 833 F. 2d at 1181. Second, any discovery to be conducted would be the same discovery in either forum. Third, Escambia County is squarely located within the Southern Division of the Southern District of Alabama rendering any travel inconvenience argument to be moot.

A final factor to be considered is referred to in *Lafitte v. Allstate Insurance Company*, Civil Action 07-0687-KD-C, 2015 WL 11411824, S.D. Ala, February 6, 2008. The Court in that case referred to *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 1275, 1280 (N.D. Ala. 2002) ("an additional factor in the analysis of whether a plaintiff's purpose in adding a non-diverse defendant to defeat subject matter jurisdiction is a consideration of the relative merits of the plaintiff's claim against the destroying defendant.") In this case, Plaintiff has failed to identify the existence of any viable claim against Wendy Folmar within the amended complaint.

## CONCLUSION

For the reasons stated herein, it is recommended that the Plaintiff's motion to remand be **DENIED**, that State Farm's motion to deny joinder be **GRANTED** and that this case continue on the active docket of this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review an appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 23rd day of September 2021.

              s/WILLIAM E. CASSADY
              **UNITED STATES MAGISTRATE JUDGE**